UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>EDWARD N. HICKS and MARGOT H. HICKS, each individually and each as Trustees of The Hicks Family Revocable Trust, dated December 12, 1995; ROBERT W. HICKS, individually and as Trustee of The Robert W. Hicks Trust, dated August 6, 1998; JR & TK ENTERPRISE, INC., individually and d/b/a McDonald's; and DOES 1 through 10, inclusive,<br><br>               Defendants. | 2:06-cv-1641-GEB-GGH<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

       The July 25, 2006, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for October 23, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of

1

whether a joint report could be procured.[1]  No status report was filed.

Plaintiff and Defendants are Ordered to Show Cause (OSC) no later than 4:00 p.m. on October 20, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or the parties for the failure to file a timely status report, as ordered.  The written response shall state whether the parties and/or counsel are at fault and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on January 16, 2007, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the

/////
/////
/////
/////
/////

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order filed July 25, 2006, at 2 n.1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

requirements set forth in the July 25, 2006, Order, the parties are to file a joint status report no later than January 2, 2007.

IT IS SO ORDERED.

Dated:  October 16, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge