UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

      Plaintiff,

 v.

EDWARD N. HICKS and MARGOT H. HICKS, each individually and each as Trustees of The Hicks Family Revocable Trust, dated December 12, 1995; ROBERT W. HICKS, individually and as Trustee of The Robert W. Hicks Trust, dated August 6, 1998; JR & TK ENTERPRISE, INC., individually and d/b/a McDonald's; and DOES 1 through 10, inclusive,

      Defendants.

2:06-cv-1641-GEB-GGH

ORDER RE:  SETTLEMENT AND DISPOSITION

   On October 17, 2006, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than November 6, 2006.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See L.R. 16-160(b) ("A failure

1

1  to file dispositional papers on the date prescribed by the Court may
2  be grounds for sanctions.").
3         The status conference scheduled for January 16, 2007, will
4  remain on calendar in the event that no dispositional document is
5  filed, or if this action is not otherwise dismissed.  Further, a joint
6  status report shall be filed fourteen days prior to the status
7  conference.[1]
8         IT IS SO ORDERED.
9  Dated:  October 17, 2006

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).